UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

01 APR 23 PM 12: 05

U.S. DISTRICT COURT
N D OF ALABAMA

| | |
|---|---|
| PARMECIA CALHOUN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No: CV-00-2771-NE |
| | ) |
| WENDY'S OF NORTH ALABAMA, | ) |
| INC., d/b/a WENDY'S OLD | ) |
| FASHIONED HAMBURGERS; | ) |
| FIRST SUN MANAGEMENT | ) |
| CORPORATION, d/b/a WENDY'S OLD | ) |
| FASHIONED HAMBURGERS; and | ) |
| ANTHONY LONG. | ) |
| | ) |
| Defendants. | ) |

ENTERED

A:R 2 3 2001

MEMORANDUM OPINION

This is an employment discrimination suit.  The plaintiff, Parmecia Calhoun, formerly was employed at a "Wendy's Old Fashioned Hamburgers" restaurant located at 8414 South Memorial Parkway in Huntsville, Alabama.  The period of her employment is not specified in the complaint.[1]  Nevertheless, she alleges that the restaurant manager, defendant Anthony Long, subjected her to sexual harassment that became so intolerable "she was forced to resign."[2]  She commenced this action against Long, Wendy's of North Alabama, Inc., and First Sun Management Corporation on September 29, 2000.  She claims defendants violated Title VII of the Civil Rights Act of

---

[1] The plaintiff reports only that she "began her employment with the defendants ... on June 14, 1999."  Complaint (doc. no. 1) ¶ 7, at 2.

[2] Id. ¶ 9, at 2.

1964, as amended, 42 U.S.C. § 2000e.[3]

The action presently is before the court on a motion filed by Wendy's of North Alabama, Inc., asking the court to dismiss the claims asserted against it on the grounds of improper service of process and failure to state a claim upon which relief can be granted (doc. no. 9). Alternatively, that defendant asks the court to quash service of process. Upon consideration of the pleadings, motion, briefs, and oral arguments of counsel, the court finds the motion to dismiss is due to be denied, but the alternative aspect of the same motion — quashing purported service of process upon defendant Wendy's of North Alabama, Inc. — granted.

## I. FACTS

Plaintiff attempted to serve Wendy's of North Alabama, Inc. on three occasions only. The first occurred over one month after plaintiff filed her complaint, when she attempted to effectuate service at the same restaurant in which she formerly had been employed. Process server Rhett Woods avers that he personally served two copies of the complaint on defendant Anthony Long at the "Wendy's Old Fashioned Hamburgers" restaurant located at 8414 South Memorial Parkway in Huntsville, Alabama on November 9, 2000.[4] The

---

[3]Plaintiff also asserts supplemental state law claims for invasion of privacy and outrage.

[4]Plaintiff's opposition to defendant's motion to dismiss (doc. no. 10), Tab 2 (Declaration of Rhett Woods) ¶ 2. *See also id.*, Tab 1 (Declaration of Traci

rub lies in these facts:  by that date, Wendy's of North Alabama, Inc., no longer owned that restaurant; and, Anthony Long no longer was an employee of that corporate entity.  Rather, on October 4, 1999, a month before service of process initially was attempted, defendant First Sun Management Corporation had acquired all of the "Wendy's Old Fashioned Hamburger" restaurants formerly owned by Wendy's of North Alabama, Inc.  The latter corporation then "ceased operating its restaurant business" and "did not have any employees."[5]  Since October 4, 1999, therefore, the only person apparently possessing the authority to accept service of process on behalf of Wendy's of North Alabama, Inc. was Clyde Newman, its "president and registered agent."[6]  Thus, the service that occurred on November 9, 2000 was effective only as to defendants Anthony Long and First Sun Management Corporation.

The second attempt to effect service of process on Wendy's of North Alabama, Inc. occurred on January 9, 2001.  "After not receiving any responsive pleading and/or Answer from ... Wendy's of

L. Wiggins) ¶ 3, reading:

> Defendants, Wendy's of North Alabama and Anthony Long, were served at the place of business, via person service by process server, Rhett Woods, at 8414 South Memorial Parkway, Huntsville, Alabama 35805 on November 9, 2000.  This address was obtained from the EEOC file and was the place of business where the plaintiff worked....

[5]Wendy's motion to dismiss or, in the alternative, motion to quash service of process (doc. no. 9), Exhibit A (affidavit of Clyde Newman) ¶ 3, at 1-2.

[6]*Id.* ¶ 2.

3

North Alabama or Anthony Long, service was attempted by mail at [the same address,] 8414 South Memorial Parkway, S.W."[7] That item was returned undelivered by the United States Postal Service. A machine printed label affixed to the envelope by the post office stated "FORWARD TIME EXP[IRED] RTN TO SEND[ER]." The same label designated the addressee's forwarding address as "724 BLUEWOOD DR SE, HUNTSVILLE, AL 35802-3602."[8] Plaintiff consulted the office of the Alabama Secretary of State and confirmed that the name and address for the registered agent of Wendy's of North Alabama, Inc. was "Clyde Newman, 724 Bluewood Dr. SE, Huntsville, AL, 35802."

The third attempt to effect service of process on Wendy's of North Alabama, Inc. thus occurred at the Bluewood Drive address. A process server left a copy of the complaint with a person named "Charles Bean" on January 29, 2001.[9] There are four problems with that attempt. First, January 29, 2001 was more than four months after the date on which plaintiff had filed this action. Second, even though Clyde Newman previously had resided in the house located at 724 Bluewood Drive in Huntsville, Alabama, he had moved

---

[7] Plaintiff's opposition to defendant's motion to dismiss (doc. no. 10), Tab 1 (Declaration of Traci L. Wiggins) ¶ 4; see also machine imprinted postmarks on the attached envelope addressed to "Anthony Long, c/o Wendy's of North Alabama, 8414 South memorial Parkway, S.W., Huntsville, Alabama 35805," bearing the date of January 9, 2001.

[8] Id. (attached envelope).

[9] Id. Tab 4 (Declaration of Lee Ledbetter) ¶ 2.

on an unspecified date prior to January 29, 2001 to a new, but undisclosed address somewhere within Madison County, Alabama. Newman admits he still owns the house located at 724 Bluewood Drive, but it is empty.  A sign posted in the front yard announces that the property is for sale.[10]  _Third_, "Charles Bean was not residing at 724 Bluewood Drive SE, Huntsville, Alabama, 35802, on January 29, 2001,"[11] and Clyde Newman does "not know anyone by the name of Charles Bean."[12]  _Finally_, Charles Bean has never served as "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Wendy's of North Alabama, Inc.  Further, Charles Bean has never been an employee, shareholder, director, officer, or representative of that corporate entity, and it has not authorized Mr. Bean to act as managing agent, general agent or any other agent authorized by appointment or by law to receive service of process its behalf.[13]

Wendy's of North Alabama, Inc. filed its motion to dismiss plaintiff's complaint on February 20, 2001, arguing that plaintiff failed to properly effectuate service of process in accordance with Rules 4(h) & (m) of the Federal Rules of Civil Procedure.

---

[10]_See_ Wendy's motion to dismiss or, in the alternative, motion to quash service of process (doc. no. 9), Exhibit A (affidavit of Clyde Newman) ¶¶ 4, 5 & 7.

[11]_Id._ ¶ 5.

[12]_Id._ ¶ 6.

[13]_Id._

## II. DISCUSSION

In pertinent part, Rule 4(h) provides:

Unless otherwise provided by federal law, service upon a domestic or foreign corporation ... that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

    **(1)** in a judicial district of the United States <u>in the manner prescribed for individuals by subdivision (e)(1)</u>, or by <u>delivering a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process</u> and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.... [Emphasis supplied].[14]

---

[14]Federal Rule of Civil Procedure 4(e), which is incorporated by reference in Rule 4(h)(1) above, provides in pertinent part:

Unless otherwise provided by federal law, service upon an individual from whom waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

    **(1)** <u>pursuant to the law of the state in which the district court is located, or in which service is effected</u>, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

    **(2)** by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by <u>delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process</u>. [Emphasis supplied].

In turn, Rule 4(c)(6) of the Alabama Rules of Civil Procedure provides the method by which a domestic corporation may be served in an action commenced in the courts of general jurisdiction of that State. In pertinent part, it provides that service on a domestic corporation shall be made by

serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail

Rule 4(h), *Federal Rules of Civil Procedure* (emphasis supplied).

Rule 4(m) governs the time-frame within which service must be perfected.  The substance of the current Rule 4(m) formerly was contained in Rule 4(j).  The subtle, but significant, differences between the two versions are illustrated below.  Rule 4(j) of the *Federal Rules of Civil Procedure*, as it existed prior to December 1, 1993, read as follows.

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The substance of that language, albeit rearranged, was transferred to Rule 4(m) of the *Federal Rules of Civil Procedure* on December 1, 1993.  Significantly, the underscored language also was added:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant <u>or direct that such be effected within a specified time</u>; <u>provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period</u>.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

---

at any of its usual places of business or by serving a partner, limited partner, or manager, or member.

7

Rule 4(m), *Federal Rules of Civil Procedure* (emphasis added).
Thus, Rule 4(m) allows the court, as an alternative to dismissal,
to direct that service be effected within a specified time.
Further, the new rule appears to mandate an extension of the time
for service when the plaintiff demonstrates good cause.   The
advisory committee notes explaining the amendment indicate the
decision whether to dismiss, or extend the time for service, is
discretionary:

> The new subdivision explicitly provides that the
> court shall allow additional time if there is good cause
> for the plaintiff's failure to effect service in the
> prescribed 120 days, and authorizes the court to relieve
> a plaintiff of the consequences of an application of this
> subdivision even if there is no good cause shown.

Fed. R. Civ. P. 4(m) advisory committee's note (emphasis supplied).
The notes recommend that the court exercise such discretion in
three circumstances:

> Relief may be justified, for example, if the applicable
> statute of limitations would bar the refiled action, or
> if the defendant is evading service or conceals a defect
> in attempted service.

Eleventh Circuit precedent interpreting the pertinent portion
of former Rule 4(j) makes clear that a district court has little or
no discretion to salvage an action after expiration of the 120 day
time limit, and mandates that the case be dismissed, unless a
plaintiff can demonstrate "good cause" for her failure to perfect

service within the time allowed.  *In re Cooper,* 971 F.2d 640, 641 (11th Cir. 1992).

> While the *Federal Rules of Civil Procedure* do not define "good cause," case law has delineated the parameters.  For example, courts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process, will satisfy the "good cause" requirement.

*Zachary v. Thigpen,* 895 F. Supp. 1472, 1474 (citations omitted).  A plaintiff's reliance on faulty advice may constitute "good cause," but inadvertence or negligence, such as failure to effectuate proper service because of a misplaced file, will not.  *See Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991).  A finding of "good cause" also is warranted when a defendant attempts to evade service or to conceal a defect in attempted service.  *Water and Sewer Board of the City of Pritchard v. Commercial Union Insurance Companies,* 2000 WL 1848461, at *2 (S.D. Ala. 2000).

In the present action, plaintiff asserts she had good cause for failing to serve Wendy's of North Alabama, Inc.  She points out that Clyde Newman testified that 724 Bluewood Drive "did not constitute [his] 'dwelling house or usual place of abode'" on January 29, 2001;[15] yet, he neglected to provide his current address to plaintiff or this court.  More significantly, the corporation

---

[15]Wendy's motion to dismiss or, in the alternative, motion to quash service of process (doc. no. 9), Exhibit A (affidavit of Clyde Newman) ¶ 5.

failed to update the address of its registered agent for service of process with the Alabama Secretary of State.[16]  Even so, such facts do not convince this court that Wendy's of North Alabama, Inc. has avoided service of process, even though it has been less than cooperative.   On the other hand, Plaintiff's three attempts at serving Wendy's of North Alabama, Inc. certainly have not been laudable.   The first occurred over a month after the complaint was filed.   The second occurred two months later.   The final attempt occurred on the final day of the 120 day period.   Further, a sign in the front yard of the house on Bluewood Dr. clearly indicated that the property was "for sale."   Such circumstances lead this court to conclude that plaintiff's efforts to effect service upon Wendy's of North Alabama, Inc. have been dilatory, and that plaintiff has not demonstrated "good cause."

If defendant's motion had been made under 4(j), this court would have been required to dismiss this action against Wendy's.

---

[16]Alabama Code § 10-2B-5.01 (1975) requires that a corporation maintain a registered office and registered agent.  It provides:

Each corporation must continuously maintain in this state:

    (1)   A registered office that may be the same as any of its places of business; and

    (2)   A registered agent, who may be:
        (i)   An individual who resides in this state and whose business office is identical with the registered office.

A corporation may change its registered office or registered agent by submitting its new information to the Secretary of State.  Alabama Code § 10-2B-5.02 (1975).

Now, however, dismissal is clearly discretionary, and this court may "direct that service be effected with a specified time." Further, one factor weighing in favor of granting such relief is when "the applicable statute of limitations would bar the refiled action." Plaintiff filed this action on September 29, 2000, the 81st day following receipt of her notice of right to sue from the EEOC. If this action were dismissed, she would have only nine days to refile her complaint. Accordingly, in the interests of justice and judicial economy, plaintiff will be afforded an additional twenty-one days within which to serve Wendy's of North Alabama, Inc. An appropriate order will be entered contemporaneously herewith.

DONE this the **23rd** day of April, 2001.

_____
United States District Judge

11