```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ALABAMA
                NORTHEASTERN DIVISION
```

FILED
01 JUL 31 PM 1:36
N.D. OF ALABAMA

PARMECIA CALHOUN,                )
                                 )
    Plaintiff,                   )
                                 )
vs.                              ) Civil Action No: CV-00-2771-NE
                                 )
WENDY'S OF NORTH ALABAMA,        )
INC., d/b/a WENDY'S OLD          )
FASHIONED HAMBURGERS;            )
FIRST SUN MANAGEMENT             )
CORPORATION, d/b/a WENDY'S OLD   )
FASHIONED HAMBURGERS; and        )
ANTHONY LONG.                    )
                                 )
    Defendants.                  )

ENTERED
JUL 31 2001

## MEMORANDUM OPINION

This is an employment discrimination suit. The plaintiff, Parmecia Calhoun, formerly was employed at a "Wendy's Old Fashioned Hamburgers" restaurant located at 8414 South Memorial Parkway in Huntsville, Alabama. The period of her employment is not specified in the complaint.[1] Nevertheless, she alleges that the restaurant manager, defendant Anthony Long, subjected her to sexual harassment that became so intolerable "she was forced to resign."[2] She commenced this action against Long, Wendy's of North Alabama, Inc., and First Sun Management Corporation on September 29, 2000. She claims defendants violated Title VII of the Civil Rights Act of

---

[1] The plaintiff reports only that she "began her employment with the defendants ... on June 14, 1999." Complaint (doc. no. 1) ¶ 7, at 2.

[2] Id. ¶ 9, at 2.



process in accordance with Rules 4(h) & (m) of the Federal Rules of Civil Procedure. (Doc. no. 9.) This court's order of April 23, 2001, denied the motion to dismiss, but quashed service of process. (Doc. no. 12.) That order allowed plaintiff 21 days within which to effectuate service of process on Wendy's of North Alabama, Inc.

The action presently is before the court on the second motion filed by Wendy's of North Alabama, Inc., again asking the court to dismiss the claims asserted against it on the grounds of failure to state a claim upon which relief can be granted and improper service of process (doc. no. 14). Upon consideration of the pleadings, motion, briefs, and oral arguments of counsel, the court finds the motion is due to be denied.

## I. FACTS

Plaintiff claims the Secretary of State told her that defendant's registered agent was Clyde Newman, who could be located at 8414-B South Memorial Parkway, Huntsville, Alabama. Plaintiff attempted to serve process upon Wendy's at that address on April 18, 2001, but found the office occupied by Charles Bean.[6] When plaintiff's process server, Charles Kennedy, asked for Newman, Bean

---

[6] Mr. Bean is the registered agent of First Sun Management Corporation, which now owns and operates the restaurants formerly owned and operated by Wendy's. He is the same individual who was present at the Bluewood Drive address on January 29, 2001, the date of plaintiff's third attempt to perfect service of process: see the memorandum opinion entered on April 23, 2001 (doc no. 11), at 4-5.

3

Woods served "Clyde Newman at 2874 Hampton Cove Way, S.E."[10]

Wendy's of North Alabama, Inc., proffers a different story. It asserts that Clyde Newman was away from home "attending to ... daily activities" on April 19, 2001, when Woods delivered the summons and complaint. Mrs. Newman asserts that Woods arrived at the house while she was washing her car. Woods approached her, and asked, "Are you Ms. Newman?" She replied, "Yes." Woods then said, "I have a delivery for Mr. Newman. You want me to put it right here since your hands are wet?" He then placed an envelope inside the garage.[11] When Clyde Newman returned home, his wife handed him the envelope, which contained a summons and complaint.[12]

## II. DISCUSSION

Federal Rule of Civil Procedure 4(h) provides, in pertinent part, that:

> (h) SERVICE UPON CORPORATIONS AND ASSOCIATIONS. Unless otherwise provided by federal law, service upon a domestic or foreign corporation ... that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States <u>in</u>

---

no. 16).

[10] Plaintiff's response to court's order to perfect service (doc. no. 13), attached alias summons.

[11] Defendant's evidentiary submission in support of second motion to dismiss or quash (doc. no. 15), Ex. B (affidavit of Ida Newman)

[12] Plaintiff's response (doc. no. 16), Ex. A (affidavit of Clyde Newman).

5

> <u>the manner prescribed for individuals by subdivision (e)(1)</u>, or by <u>delivering a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process</u> and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.... [Emphasis supplied].

Rule 4(h), *Federal Rules of Civil Procedure* (emphasis supplied).

Federal Rule of Civil Procedure 4(e)(1), which is incorporated by reference in Rule 4(h)(1) above, provides in pertinent part:

> (e) SERVICE UPON INDIVIDUALS WITH A JUDICIAL DISTRICT OF THE UNITED STATES.  Unless otherwise provided by federal law, service upon an individual from whom waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> **(1)** <u>pursuant to the law of the state in which the district court is located, or in which service is effected</u>, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State ....

In turn, Rule 4(c)(6) of the Alabama Rules of Civil Procedure provides the method by which a domestic corporation may be served in an action commenced in the courts of general jurisdiction of that State.  In pertinent part, it provides that service on a domestic corporation shall be made by

> serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving a partner, limited partner, or manager, or

6

member.

Service of process upon the officers or agents of corporate defendants pursuant to Federal Rule of Civil Procedure 4(h) cannot be effected in the same manner as upon individual defendants pursuant to Rule 4(e)(2): that is, by leaving a copy of the summons and complaint at the residence of the individual officer with some person of suitable age and discretion then residing therein.[13] *See generally* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §1101, p. 103 (2d ed. 1987); see also *Barclays Bank of New York v. Goldman*, 517 F.Supp. 403, 413 (S.D. N.Y. 1981) (service upon maid of corporate officer insufficient); *Tyson v. Publishers Company, Inc.*, 223 F.Supp. 114, 115 (E.D. Pa. 1963) (service upon minor son of corporate officer

---

[13]Federal Rule of Civil Procedure 4(e) provides:

(e) SERVICE UPON INDIVIDUALS WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

7

insufficient because he was "neither a director, officer, employee or agent of the corporation.") At least one court, however, has held that service was effective when it was delivered to the corporate president himself, at his residence. *See Apollo Technologies Corp. v. Centrosphere Industrial Corp.*, 805 F.Supp. 1157, 1189 (D.N.J. 1992).

Rule 4.1(b)(3) of the Alabama Rules of Civil Procedure governs how service should be effected under Alabama Law, and provides that:

> The person serving process shall locate the person to be served and shall deliver a copy of the process and accompanying documents to the person to be served. When the copy of the process has been delivered, the person serving process shall endorse that fact on the process and return it to the clerk, who shall make the appropriate entry on the docket sheet relating to the action. <u>The return of the person serving process in the manner described herein shall be prima facie evidence that process has been served</u>.

"The presumption of correctness is not conclusive, but the party challenging the return has the burden of establishing lack of service, by clear and convincing evidence." *Ex Parte American Resources Insurance Company, Inc.*, 663 So. 2d 932, 935 (Ala. 1995). The Alabama Supreme Court has assumed that the presumption governing a sheriff's return is likewise applicable to individuals who have been designated by order of the court to make service of

8

process. *Nolan v. Nolan*, 429 So. 2d 596, 597 (Ala. 1982).

> A party's uncorroborated statement denying service upon him is not adequate proof to authorize the invalidation of a sheriff's return.... [I]t is required that additional evidence be presented to strengthen or confirm such a denial before the required burden is met.

*Id.* at 598. Accordingly, the question whether the evidence presented to corroborate a denial of service is clear and convincing, is a question of fact, to be determined by the trial court. *Id.*

In the present action, the court finds Newman's story unconvincing. His credibility is diminished by the conflicting affidavits he has submitted to this court. In the affidavit attached to Wendy's first motion to quash, Newman asserted "I do not know anyone by the name of Charles Bean."[14] Even so, a process server found Bean at Newman's former residence located on Bluewood Drive.[15] Further, Newman claims he maintains "a personal office in the building located at 8414-B South Memorial Parkway," but when a process server attempted to serve Newman at that address, he found only Charles Bean.[16] Moreover, Bean is the registered agent of

---

[14] Motion to dismiss, or, in the alternative, to quash service of process (doc. no. 9), Ex. A ¶ 6.

[15] To complicate matters further, Bean claims that he has never been to the residence located on Bluewood Drive. Bean Affidavit, Defendant's evidentiary submission (doc. no. 15), Ex. C ¶ 4.

[16] *Id.* ¶ 3.

First Sun Management Corporation, a defendant in this case and the current owner of Wendy's former assets.

In contrast, Woods provided a detailed account of his attempt to effectuate service. Plaintiff, through Woods and other process servers, has attempted to serve Wendy's upon numerous occasions. Each attempt was cleverly thwarted by Newman.[17] Further, there is a strong presumption under Alabama law that a return of service is correct. Finally, there is no question that Newman has received, upon numerous occasions, actual notice of this suit against him. This court finds Woods's service of process upon Newman at his residence on April 19, 2001 was effective. Accordingly, the motion of Wendy's to dismiss or quash is due to be denied.

DONE this the 31st day of July, 2001.

_____
United States District Judge

---

[17]First, Wendy's failed to update the address of its registered agent, Clyde Newman, with the Secretary of State. Newman further neglected to provide his address to plaintiff or this court. The address was changed to 8414-B South Memorial Parkway, but there was no indication that Newman could be found there. Finally, the Newmans left the residence at Hampton Cove soon after Woods called to verify that Clyde Newman was there.