FILED
02 MAR 26 AM 9: 36
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 2 6 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PARMECIA CALHOUN, )
)
　　　　Plaintiff, )
)
vs. ) Civil Action No. CV-00-S-2771-NE
)
WENDY'S OF NORTH ALABAMA, )
d/b/a Wendy's Old Fashioned )
Hamburgers, )
)
)
　　　　Defendant. )

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss and for sanctions, in light of plaintiff's failure to appear for deposition on February 8, 2002. Upon consideration of the motion and pleadings, the motion is due to be denied in part and granted in part.

Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and state law claims of outrage and invasion of privacy. Plaintiff asserts that, while in defendant's employ, she was sexually harassed by defendant's restaurant manager, and was subjected to a hostile working environment.[1] Although the complaint was filed on September 29, 2000, the progress of the action was delayed due to plaintiff's failure to properly serve defendant with process. The court denied defendant's February 20, 2001 motion to dismiss on these grounds (doc. no. 9), but quashed service of process on defendant, and required plaintiff to properly serve defendant within twenty-one days of the April 23, 2001 order (doc. no. 12). Defendant again moved to dismiss on May 5, 2001 (doc. no. 14), due in part to plaintiff's alleged improper service of process on defendant (doc. no. 14). The court once again denied the

---

[1] *See* Complaint at 2.

motion to dismiss, and further denied defendant's motion to quash service (doc. no. 21). Defendant was ordered to file its answer within seven days of the July 31, 2001 order, which it did. The action then appeared to move forward — nearly one year after plaintiff filed her complaint. Appearances can be deceiving, however.

Defendant now has filed its third motion to dismiss plaintiff's claims with prejudice, along with a motion for sanctions (doc no. 43). Defendant asserts that it has been unsuccessfully trying to schedule plaintiff's deposition since August 8, 2001 (the date of the parties' planning meeting). The discovery cut-off date was March 1, 2002, but plaintiff had yet to be deposed as of the date of the court's hearing on this matter, March 18, 2002. Defendant argues that plaintiff's alleged refusal to be deposed has "prevented Defendant from discovering evidence in a timely manner."[2] Defendant would have this court dismiss plaintiff's claims with prejudice "because of her failure, or unwillingness, to prosecute and her failure, or refusal, to appear and/or answer questions at the scheduled deposition."[3]

## I. DISCUSSION

Defendant has invoked Federal Rules of Civil Procedure 37 and 41 to request that this court dismiss plaintiff's action, and punish plaintiff's alleged willful conduct with sanctions.[4] Rule 41(b) authorizes a district court to dismiss a complaint for a party's failure to prosecute or comply with a court order or the federal rules. *See* Fed. R. Civ. P. 41(b); *Gratton v. Great American Communications*, 178 F.3d 1373, 1364 (11th Cir. 1999). The Eleventh Circuit has explained that a Rule 41(b) dismissal is "appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton*, 178 F.3d at 1374.

---

[2] Motion to Dismiss (doc. no. 43), at 7.
[3] *Id.*
[4] *See id.* at 6.

2

District courts also have broad discretion to control discovery under Rule 37, and may strike pleadings, dismiss an action, or render a default judgment against a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2), (b)(2)(C); *see also Gratton*, 178 F.3d at 1374. According to the *Gratton* Court, "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton*, 178 F.3d at 1374 (citing *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)). With those standards in mind, the court proceeds to consider plaintiff's conduct, specifically in terms of the taking of her deposition by defendant.

The parties initially agreed that plaintiff would be deposed on December 6, 2001.[5] Plaintiff canceled that deposition on December 3, 2001, because her husband was having surgery.[6] Defendant agreed to a continuance, and plaintiff agreed to be deposed on January 16, 2002.[7] Although plaintiff did not offer a reason, plaintiff again canceled, informing defendant one week prior to the January 16, 2001 deposition that she would be unable to travel to Huntsville.[8] Plaintiff now states that her absence was due to financial hardship and "the starting of a new job."[9] Defendant once more agreed to a continuance, and the deposition was scheduled for February 8, 2002.[10] Plaintiff now claims *not* to have agreed to this date, and that defendant noticed the deposition without plaintiff's consent.[11] In any event, on January 25, 2002, plaintiff informed defendant that she would not appear for the February 8 deposition, although she offered to appear

---

[5] *See* Plaintiff's Response at 2.
[6] *See id.* at 2.
[7] *See id.; see also* Motion to Dismiss (doc. no. 43), at 3.
[8] *See* Plaintiff's Response at 2.
[9] *Id.*
[10] *See* Motion to Dismiss at 3.
[11] *See* Plaintiff's Response at 3.

3

the following week, during which time she planned to be in Huntsville, Alabama, for a celebration in honor of her recent marriage.[12] Defendant faxed a letter to plaintiff insisting that plaintiff appear for the deposition on the noticed date of February 8, but contends that he received no response from plaintiff.[13] Plaintiff once again failed to appear at the deposition.

Defendant filed a motion to compel plaintiff's deposition on February 1, 2002 (doc. no. 38). The court granted defendant's motion that same day, by means of an order handwritten on the motion stating: "Plaintiff must submit to deposition on February 8, 2002, or suffer sanctions."[14] Plaintiff filed a request for relief from the court's February 1 order, which the court denied.[15]

Plaintiff has responded to defendant's motion to dismiss, explaining that she: could not appear for the December 6, 2001 deposition due to her husband's emergency medical condition; could not appear for the January 16, 2002 deposition due to her "inability to travel to Huntsville that day"; and that, while unavailable in person, plaintiff was available to be deposed by telephone on February 8, 2002, or in person the following week.[16] Plaintiff attributes her failure to appear at the January and February depositions to financial hardship, and the fact that she recently started a new job.[17] Plaintiff asserts that she should be excused from her non-appearances at deposition because she agreed to be deposed by telephone, and/or because defendant refused to travel to Texas to depose plaintiff or offer to pay plaintiff's travel expenses to Alabama.[18] Plaintiff also contends that defendant has not demonstrated how it would be prejudiced by extending the deposition date the

---

[12] *See* Motion to Dismiss (doc. no. 43), Ex. B (Feb. 8, 2002 Deposition), at Defendant's Exhibit 5 (Letter dated January 25, 2002).

[13] *See* Motion to Dismiss (doc. no. 43), at 4.

[14] Order of February 1, 2002 (doc. no. 40).

[15] Order of February 8, 2002 (doc. no. 42).

[16] Plaintiff's Response at 4 (doc. no. 44).

[17] *See id.* at 5; *see also* Motion to Dismiss, Ex. B (Feb. 8, 2002 Deposition), at 6.

[18] *See* Motion to Dismiss, Ex. B (Feb. 8, 2002 Deposition), at 5, 7.

during the third week in February, or by taking plaintiff's deposition telephonically.[19]

As a preliminary matter, the court emphatically agrees with defendant that it is neither plaintiff's right nor privilege to be deposed by telephone, or to have her travel expenses for purposes of her deposition paid by defendant. Nor should defendant have to travel to Kileen, Texas, where plaintiff currently resides, to take plaintiff's deposition. The court understands that depositions can entail much more than the mere asking of questions, and acknowledges the legitimacy of defendant's reluctance to depose plaintiff outside her physical presence.

Despite this, and plaintiff's willful and repeated refusals to appear for her depositions — even in the face of a court order and its concomitant warning of sanctions — the court appears without authority to order dismissal at this juncture. "The sanction of dismissal is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988) (citing *Adolph Coors Co. v. Movement Against Racism and The Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985)). The Eleventh Circuit generally will require district courts to assess lesser sanctions against a party before dismissing an action, unless a court can demonstrate that lesser sanctions would be ineffective. *See, e.g., Phipps v. Blakeney*, 8 F.3d 788, 791 (11th Cir. 1993); *Wouters v. Martin County, Florida*, 9 F.3d 924, 934 (11th Cir. 1993); *Gratton*, 178 F.3d at 1375. In fact, upon review of such dismissals, the Eleventh Circuit has stated that it will find that the district court has abused its discretion "if less drastic sanctions would suffice." *Wouters*, 9 F.3d at 934 (citing cases).

It appears that lesser sanctions are warranted in this action and, moreover, should suffice to encourage plaintiff to proceed promptly with discovery and to cure her noncompliance with this court's February 1, 2002 order. Plaintiff's counsel demonstrated at the court's March 18, 2002

---

[19] *See id.*

hearing on this matter that plaintiff and her husband are gainfully employed. Consequently, plaintiff is due to be assessed reasonable attorney's fees and costs stemming from her willful delay of the discovery process in this action. Plaintiff also should be aware that any further delay caused by plaintiff could result in dismissal of this action. *See Malautea v. Suzuki Motor Co., Inc.*, 987 F.2d 1536, 1543 (11th Cir. 1993) (concluding that sanction of default judgment following plaintiffs violation of court's discovery orders was appropriate in part because plaintiffs had "ample notice" of the possibility of such sanction).

In light of the foregoing, defendant shall be ordered to file with the court, **on or before April 5, 2002**, an accounting to date of attorney's fees and expenses incurred by defendant from the date of filing of defendant's motion to compel (doc. no. 38) until the present. Defendant shall be ordered to serve a copy of such accounting on plaintiff's counsel, and plaintiff shall be ordered to respond to such accounting on or before **April 12, 2002**.

Further, plaintiff shall be ordered to appear for her deposition in Huntsville, Alabama, on **or before April 22, 2002**, which will allow plaintiff sufficient time to locate a reasonably priced airplane fare from her home in Killeen, Texas, or to make other travel arrangements.

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 26th day of March, 2002.

_____
United States District Judge